### POLICASTRO v. MILLER.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

CONTRACTS (§ 248*)—MODIFICATION—EVIDENCE.

    In an action for work done on a building under a written contract and for alleged extra work, evidence *held* to make it a jury question whether the original written contract was altered before its execution, so as to exclude therefrom the installment of an iron soil pipe.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1140; Dec. Dig. § 248.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Cleonice Policastro against Hannah J. Miller. From a judgment for plaintiff for a less sum than claimed, he appeals. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Charles Eno, of New York City, for appellant.

O'Gorman, Battle & Marshall, of New York City (Harold A. Content, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued to recover for work done on defendant's building under a written contract, and for the value of certain extra work. Defendant claimed that the so-called extra work was recited in the specifications described as "annexed" to the contract, and therefore it was included in the contract price. Plaintiff, on the other hand, testified that prior to the signing of the contract he went over the premises with the defendant to ascertain what work was to be

done, and its nature, and that both agreed that the particular work in question, namely, the putting in of an iron soil pipe (in place of an earthen one) was agreed not to be included in the contract, and that he thereupon, in the presence of the defendant, wrote words to that effect on *his* copy of the specifications, which he introduced in evidence.

The question, therefore, was not one of law, whether a written instrument could be varied by parol testimony, but only one of fact, namely, whether the original form of the written instrument had been altered *prior* to its execution, as plaintiff testified, or not. This was manifestly an issue to be submitted to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.